UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JENNIFER L. HANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:10-CV-96 JD |
| | ) | |
| CEC ENTERTAINMENT, INC., | ) | |
| d/b/a CHUCK E. CHEESE., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff filed a complaint on October 27, 2010, alleging violations of Title VII. [DE 1]. From the date of filing until late February of 2011, the Plaintiff properly participated in the case. Since the February 22, 2011, filing of a Notice of Initial Disclosures [DE 32], however, the Plaintiff has taken no action to prosecute this case beyond the appearance of one additional attorney and the withdrawal of two. On July 12, 2011, Defendant CEC Entertainment, Inc. ("CEC") filed a Motion to Dismiss or Alternatively to Compel Discovery and Impose Sanctions. [DE 40]. In that motion, CEC informed the court that the Plaintiff had failed to provide any response to discovery requests dating back to January, 2011. On August 15, 2011, Judge Cherry disposed of the motion by ordering Plaintiff to serve CEC with complete responses to outstanding discovery on or before August 29, 2011. [DE 47]. Judge Cherry declined to dismiss the case for failure to prosecute, but specifically warned the plaintiff that a continued failure to properly attend to the case might lead to dismissal at a later time.

Plaintiff failed to comply with Judge Cherry's order. On September 6, 2011, CEC filed a second Motion to Dismiss, this time for failure to prosecute. [DE 48]. Accordingly, the court entered a Local Rule 41.1 Notice and Order on October 17, 2011, explicitly warning the plaintiff, Jennifer L. Hansen, that her case would be dismissed unless she provided a filing to the court by November

17, 2011, explaining why she had not taken any action in this case or responded to Judge Cherry's previous order. [DE 50]. Plaintiff has not responded as ordered.

Local Rule 41.1 of this court provides that:

> Civil cases in which no action of record has been taken for a period of six (6) months may be dismissed for want of prosecution with judgment for costs after twenty-eight (28) days notice given by the clerk or the assigned judge to the attorneys of record (or, in the case of a pro se party, to the party) unless, for good cause shown, the court orders otherwise.

It is now more than 28 days since the court issued an explicit warning of dismissal and longer since Judge Cherry warned of the same result. No action has been taken in this case for nearly nine months. In light of plaintiff's continued failure to participate, this court can only assume that Hansen has abandoned her case. Consequently, for the aforementioned reasons, defendant's Second Motion to Dismiss [DE 48] must be granted insofar as the case must be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). While the defendant has requested a dismissal with prejudice, this court's preference is to dismiss such cases *without* prejudice. That is the disposition of which plaintiff was warned in the court's previous order, and that is the disposition the court will order here.

## **COSTS & FEES**

In addition to requesting dismissal of the plaintiff's cause for failure to prosecute, defendant's motion argues that defendant is entitled to reasonable fees and costs incurred in bringing both motions to dismiss. [DE 39; DE 48]. But awards of attorneys' fees and awards of costs are not governed by the same rules, and the defendant has provided no basis for recovery beyond Fed. R. Civ. P. 54(d). Rule 54(d) states, in relevant part:

> **(1)** *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing

2

party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**(2)** *Attorney's Fees.*
    **(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
    **(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:
        **(i)** be filed no later than 14 days after the entry of judgment;
        **(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
        **(iii)** state the amount sought or provide a fair estimate of it; and
        **(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

The defendant is correct that, under 54(d)(1), it is entitled to costs incurred in defending this action. Even a voluntary dismissal without prejudice renders the defendant a "prevailing party" under Rule 54(d), *see Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 974-74 (7th Cir. 2007) (citing *First Commodity Traders, Inc., v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985)), and there can be little doubt that an *involuntary* dismissal has the same effect. But a district court may not tax costs under Rule 54(d) unless the specific expense is authorized by federal statute. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 701 (7th Cir. 2008) (per curiam) (collecting authorities). 28 U.S.C. § 1920 lists the costs which may be taxed, including:

**(1)** Fees of the clerk and marshal;
**(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
**(3)** Fees and disbursements for printing and witnesses;
**(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
**(5)** Docket fees under section 1923 of this title;
**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The defendant has produced no account of any costs incurred that are taxable under the statute, and while the defendant is a "prevailing party," the court cannot now order the clerk to tax specific costs that have not been submitted. The defendant is therefore instructed to submit a bill of costs subsequent to the entry of judgment in this action as it ordinarily would. Should the time for objection lapse without any response from the plaintiff, the clerk will tax costs accordingly.

Attorney fees, however, are a different matter. The defendant's motion includes a request for fees, but provides no basis for the recovery of those fees. An undeveloped reference to Rule 54(d) will not do, as 54(d)(2)(B)(ii) explicitly requires that a party moving for attorney fees "specify the judgment and the statute, rule, or other grounds entitling the movant to the award[.]" True, in Title VII cases "the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs[.]" 42 U.S.C. § 2000e-5(k). But this does not mean prevailing Title VII defendants are entitled to attorney fees as a matter of course. Instead, the operative standard comes from *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978): "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Defendants have not addressed this standard or argued why it is met in the case before the court.

Moreover, "[w]hen calculating attorneys' fees, the reasonable hourly rate is to be derived from the market rate for the services rendered." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003) (citing *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999)). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients

for the type of work in question." *Gautreaux*, 491 F.3d at 659 (quoting *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993)).

"The burden of proving the market rate is on the party seeking the fee award." *Id.* at 659-60 (quoting *Uphoff*, 176 F.3d at 407). Although "[t]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate", *Denius*, 330 F.3d at 930 (quoting *Uphoff*, 176 F.3d at 407), "[a]n attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services". *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 556 (7th Cir. 1999). Instead, the Supreme Court has held:

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

*Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Spegon*, 175 F.3d at 556 (holding that a fee applicant can meet his initial burden "either by submitting affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work or by submitting evidence of fee awards the attorney has received in similar cases").[1] The defendant's attorneys have produced no such evidence in addition to their own affidavits to satisfy the *Stenson* requirement. The

---

[1] Courts have frequently cited these requirements in addressing attorney fee requests. *See Denius*, 330 F.3d at 930 (citing approvingly the district court's expression of concern that the submitted affidavits did not address "at what hourly rate [the attorney] has been compensated in the past in other civil rights matters"); *Molino v. Bast Servs., Inc.*, No. 08-C-4399, 2011 WL 841891, at *7 (N.D. Ill. Mar. 7, 2011) ("Missing from plaintiff's fee request is any evidence of what comparably skilled and experienced attorneys charge for similar employment litigation in Chicago. The attorneys have not, for example, included affidavits from other attorneys suggesting that [the attorneys'] rates are market rates."); *see also Garcia v. RJB Properties, Inc.*, 756 F. Supp. 2d 911, 915 (N.D. Ill. 2010) (in FLSA case, approving hourly rate of $325 for attorney who submitted affidavits of three employment attorneys who attested to the reasonableness of the rate); *Garcia v. Oasis Legal Fin. Oper. Co. LLC*, 608 F. Supp. 2d 975, 979-80 (N.D. Ill. 2009) (approving hourly rates of $300 for a partner and $185 for an associate in an Equal Pay Act case where the attorneys filed affidavits from Chicago-area employment attorneys who stated that the rates were at or below market rate).

5

defendant's motion for attorneys' fees must be denied with leave to re-file a properly supported motion after the entry of judgment and in compliance with the requirements of Rule 54(d)(2).

## **CONCLUSION**

Defendant's Second Motion to Dismiss [DE 48] is **GRANTED IN PART AND DENIED IN PART**. The action, in its entirety, is **DISMISSED WITHOUT PREJUDICE**. Defendant is **INSTRUCTED** to file a bill of costs subsequent to the entry of judgment consistent with Rule 54(d)(1) and 28 U.S.C. § 1920. Defendant's motion for attorneys' fees is **DENIED** with leave to re-file a properly supported motion in compliance with Rule 54(d)(2) subsequent to the entry of judgment.

SO ORDERED.

ENTERED:  November 23, 2011 

　　　　　　　　　　　　　　　　　　 /s/ JON E. DEGUILIO 
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court